IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LILLIAN PECKO** | : | |
| | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| v. | : | |
| | : | |
| **ALLSTATE INSURANCE COMPANY** | : | **NO. 16-1988** |
| | : | |
| *Defendant.* | : | |

**MEMORANDUM**

PRATTER, J.                                                                                               SEPTEMBER 20, 2016

       On March 29, 2016, Plaintiff Lillian Pecko filed an Amended Complaint in the Philadelphia Court of Common Pleas against Defendant Allstate Insurance Company, alleging breach of contract and bad faith in violation of 42 Pa. Cons. Stat. § 8371. Allstate removed the matter to federal court, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 (Doc. No. 1). Ms. Pecko then moved to remand the case (Doc. No. 4), and Allstate opposed (Doc. No. 5). Because Allstate has shown that the Amended Complaint meets the jurisdictional threshold set out in 28 U.S.C. § 1332(a), the Court will deny Ms. Pecko's Motion.

**I.      FACTUAL BACKGROUND**

       This matter commenced on February 4, 2016, when Ms. Pecko filed a Writ of Summons against Allstate in the Court of Common Pleas of Philadelphia. Ms. Pecko alleges that she suffered direct physical loss and damage to property insured by Allstate and that Allstate has refused to pay benefits owed under her policy. The case was filed as an arbitration matter and was designated for compulsory arbitration. In such a proceeding, the total amount of damages recoverable is capped at $50,000.00, pursuant to 42 Pa. Cons. Stat. § 7361. On March 11, 2016, Ms. Pecko stipulated that her damages do not exceed $50,000.00. The stipulation was filed with

1

the Court of Common Pleas on March 14, 2016 and was signed by counsel for both parties. Thereafter, Ms. Pecko filed and served her Amended Complaint.

Count I of the Amended Complaint alleges breach of contract, and Ms. Pecko demands "judgment against [Allstate] in an amount not in excess of $50,000.00, together with interest and court costs." Am. Compl. ¶ 14 *ad damnum clause* (Doc. No. 5, Ex. B). Count II of the Amended Complaint alleges bad faith, and Ms. Pecko "demands judgment . . . in an amount not in excess of $50,000.00, together with interest, court costs, counsel fees and damages for delay." Am. Compl. ¶ 18 *ad damnum clause*. In conjunction with the bad faith claim, Ms. Pecko also demands punitive damages. Am. Compl. ¶ 18. Ms. Pecko attached estimates for dwelling and content damages to her Amended Complaint. The aggregate total of the various estimates is $136,905.20. Am. Compl. Ex. A.

On April 27, 2016, Allstate removed the case to federal court, asserting that this Court has diversity jurisdiction. Ms. Pecko then filed this Motion, arguing that the amount in controversy does not meet the $75,000 threshold for diversity jurisdiction set out in 28 U.S.C. § 1332(a).[1]

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441, a defendant may remove any civil action brought in state court to federal district court if the district court would have had original jurisdiction over the plaintiff's claims. 28 U.S.C. § 1441(a). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts have diversity jurisdiction over claims

---

[1] Ms. Pecko only contests the amount in controversy and does not dispute that the parties are diverse.

valued at more than $75,000 between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a).

The party seeking federal jurisdiction through removal has the burden of showing that the case is properly before the federal court. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *see also Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). A defendant's right to remove a case is determined according to the plaintiff's pleading at the time of the notice of removal. *Angus v. Shiley*, 989 F.2d 142, 145 (3d Cir. 1993).

When a district court considers a motion to remand, "28 U.S.C. § 1441 is to be strictly construed against removal so that the Congressional intent to restrict federal diversity jurisdiction is honored." *Samuel-Bassett*, 357 F.3d at 396 (internal citation omitted). If a court cannot definitively establish the amount in controversy from the face of the complaint, the court should look to "the facts alleged in the defendant's notice of removal or to proofs offered in support of jurisdiction once it has been called into question." *Bailey v. J.B. Hunt Transp., Inc.*, No. 06-240, 2007 WL 764286, at *3 (E.D. Pa. Mar. 8 ,2007) (quoting *Int'l Fleet Auto Sales, Inc. v. Nat'l Auto Credit,* No. 97-1675, 1999 WL 95258, at *3 (E.D. Pa. Feb. 22, 1999)); *see also Hodges v. Walgreens*, No. 12-1162, 2012 WL 1439080, at *1 (E.D.Pa. Apr. 26, 2012) (establishing that in addition to the complaint and notice of removal, courts may also consider submissions related to the plaintiff's motion to remand when determining whether the amount in controversy has been met).

### III. DISCUSSION

Courts in this District apply the "legal certainty" test adopted by the Third Circuit Court of Appeals in *Samuel-Bassett* when determining whether the amount in controversy exceeds $75,000. Under this standard, "the suit must be dismissed" only if "from the face of the

pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount." *Samuel-Bassett*, 357 F.3d at 397 (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  In *Morgan v. Gay*, the Third Circuit Court of Appeals specifically addressed how district courts should apply the legal certainty test in cases where the plaintiff expressly limits the amount in controversy to an amount less than the threshold required for federal jurisdiction.  471 F.3d 469, 474-75 (3d Cir. 2006).  The Third Circuit Court of Appeals explained that:  (1) the party seeking to establish federal jurisdiction must prove to a legal certainty that the amount in controversy exceeds the statutory threshold; (2) a plaintiff, if permitted by state law, may limit his or her monetary claims to avoid the amount in controversy threshold; and (3) the plaintiff's pleadings are not dispositive as to the amount in controversy, and courts must analyze the claims to determine the amount really at stake in the case.  *Id.* at 474-75.  The test set forth in *Morgan* applies in cases where, as here, a plaintiff's *ad damnum* clause[2] limits the amount in controversy to less than the jurisdictional threshold.  *See Frederico*, 507 F.3d at 196-97.

    Ms. Pecko sets forth two arguments for why the Court must grant her Motion to Remand. First, Ms. Pecko asserts that cases subject to compulsory arbitration pursuant to 42 Pa. Cons. Stat. § 7361 may not be removed because a plaintiff's damages in such cases are capped at $50,000.  Second, Ms. Pecko argues that remand is appropriate because she properly limited her claimed damages to below the jurisdictional threshold by capping damages at $50,000 in the *ad damnum* clauses of her Amended Complaint.  Allstate argues that cases subject to compulsory arbitration pursuant to 42 Pa. Cons. Stat. § 7361 are properly subject to removal because

---

[2]    An *ad damnum clause* is a prayer for relief stating the amount of damages claimed.  *Ad damnum clause, Black's Law Dictionary* (10th ed. 2014).

Ms. Pecko could seek more than $50,000 in any prospective appeal of an arbitral award. Allstate further argues that the amount in controversy is met because Ms. Pecko (1) attached to her Amended Complaint invoices showing estimated damages of $136,905.20 and (2) is seeking punitive damages.

A number of courts in this District suggest that, in cases subject to § 7361, a defendant cannot establish an amount in controversy exceeding $75,000 "because [a] Plaintiff's damages are capped at $50,000 under the compulsory arbitration statute." *Howard v. Allstate Ins. Co.*, No. 06-4017, 2006 WL 2818479, at *2 (E.D. Pa. Sept. 28, 2006); *see also Espinosa v. Allstate Ins. Co.*, No. 07-746, 2007 WL 1181020, at *3 (E.D. Pa. Apr. 16, 2007). Section 7361, however, "nowhere explicitly limits the damages the plaintiff may ultimately recover." *Wilson v. Walker*, 790 F. Supp. 2d. 406, 409 (E.D. Pa. 2011). Further, Pennsylvania courts have not interpreted § 7361 as creating a statutory $50,000 damages cap. *Id.* In fact, Pennsylvania courts have consistently "held that in any *de novo* trial after arbitration, the plaintiff may seek more than $50,000 in damages." *Id.* (citing *Vanden-Brand v. Port Auth. of Allegheny Cty.*, 936 A.2d 581, 584 (Pa. Commw. 2007)). This Court is persuaded by the courts in this District finding that § 7361 "merely creates a jurisdictional trigger and is not a substantive recovery limit." *Hodges*, 2012 WL 1439080, at *3 (citing *Robert Half Int'l, Inc. v. Marlton Techs., Inc.*, 902 A.2d 519, 529 (Pa. Super. 2006)); *see also Wilson*, 790 F. Supp. 2d. at 409. Accordingly, the Court will not treat the fact that § 7361 caps damages at $50,000 as dispositive and will look to other evidence to determine if Allstate can meet its burden "to prove to a legal certainty that the complaint exceeds the statutory amount in controversy requirement." *Morgan*, 471 F.3d at 475.

The Third Circuit Court of Appeals has made clear that, while "the plaintiff is the master of her own claim and thus may limit [her] claims to avoid federal subject matter jurisdiction," the

proponent of federal jurisdiction still has the opportunity to show "to a legal certainty[] that the amount in controversy *exceeds* the statutory threshold." *Frederico*, 507 F.3d at 195-96 (internal quotation marks and citation omitted) (emphasis in original). Because Pennsylvania state law permitted Ms. Pecko to limit her monetary claims, *see* 42 Pa. Cons. Stat. § 7361; Pa. R. Civ. Pro. 1021(c), the Court will now look to whether Ms. Pecko's "actual monetary demands in the aggregate exceed the threshold, irrespective of whether [Ms. Pecko] states that the demands do not." *Morgan*, 471 F.3d at 474-75.

Ms. Pecko's Amended Complaint features multiple *ad damnum* clauses seeking damages not in excess of $50,000.00. Ms. Pecko's Amended Complaint, however, states:

> Despite submission of reasonable proof and demand for full and complete payment with respect to Plaintiff's Loss, Defendant has not paid to Plaintiff all of the policy benefits to which she is entitled under the Policy, including but not limited to Additional Living Expenses, the costs to clean, store and or [sic] replace some of the personal contents, and the cost to replace the liner of the heater, the cost to replace the gas boiler, as well as [sic] cost to repair and restore the building to its pre loss condition. A true and correct copie [sic] of the estimates of the damages to Plaintiff's damages [sic] are attached hereto as Exhibit "A".

Am. Compl. ¶ 12. Exhibit A to the Amended Complaint consisted of invoices totaling $136,905.20 of damages associated with Ms. Pecko's claims. These facts stand in clear contrast to recent cases in this District holding that a defendant did not meet the burden to show the amount in controversy exceeded the $75,000 limit. *See, e.g.*, *Lewis-Hatton v. Wal-Mart Sores E., LP*, No. 13-7619, 2014 WL 502367, at *3 (E.D. Pa. Feb. 7, 2014) (finding defendant did not meet burden where defendant only pointed to plaintiff's failure to stipulate "that the amount in controversy is less than $50,000 or $75,000"); *Coates v. Nationwide Ins. Co.*, No. 12-4031, 2012 WL 4068437, at *4 (E.D. Pa. Sept. 14, 2012) (finding defendant did not meet burden where complaint was silent on amount of benefits plaintiff was entitled to under insurance policy and

parties did not dispute the policy provided for $15,000 in coverage); *Hodges*, 2012 WL 1439080, at *4 (finding defendant did not meet burden where defendant failed to offer any support for speculation that plaintiff's injuries exceeded $75,000). Here, Allstate has met its heightened burden to prove to a legal certainty that the amount in controversy exceeds $75,000 because Ms. Pecko, in her own Amended Complaint, submitted proof that her damages exceeded $75,000.

Further, Ms. Pecko's bad faith claim in Count II of the Amended Complaint seeks punitive damages against Allstate for its alleged violation of 42 Pa. Cons. Stat. § 8371. A district court must consider punitive damages when calculating the amount in controversy unless the claim for punitive damages is frivolous. *See Frederico*, 507 F.3d at 199; *Golden ex rel. Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004). Here, Ms. Pecko's claim for punitive damages is not frivolous because they are provided for by 42 Pa. Cons. Stat. § 8371. *See Golden*, 382 F.3d at 355. While a claim for punitive damages alone is too speculative to push the amount in controversy over the jurisdictional threshold, *see, Coates*, 2012 WL 4068437 at *4, the Court finds that, in conjunction with estimated damages of $136,905.20, Ms. Pecko's claim for punitive damages weighs in favor of a determination that the amount in controversy requirement is met in this case.

### IV. CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's Motion to Remand.

\*    \*    \*

An appropriate Order follows.

                 BY THE COURT:

                 <u>S/Gene E.K. Pratter</u>
                 GENE E.K. PRATTER
                 United States District Judge